UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-00027-JRG-DHI |
| | ) | |
| KAREEM HUSSAN WOOD | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reconsideration of Petitioner's Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 49]. On April 30, 2020, the Court denied without prejudice Defendant Kareem Hussan Wood's Emergency Motion for Modification of Sentence Pursuant to Amended 18 U.S.C. § 3582(c)(1)(A) [Doc. 45], in which Mr. Wood, citing an underlying medical condition—borderline hypertension—moved the Court to order his immediate release from prison because of the COVID-19 pandemic. In denying Mr. Wood's motion, the Court determined that it could not provide him with the relief he requested because he had failed to exhaust his administrative remedies under § 3582(c)(1)(A). [Mem. Op. & Order, Doc. 48, at 1–4].

Since then, Mr. Wood has petitioned the warden for his release, without success. [Letter from Warden, Doc. 49-1]. Having pursued his administrative remedies under § 3582(c)(1)(A), he now asks the Court to reconsider the denial of his original motion. In light of the fact that he has exhausted his administrative remedies, the Court will now consider his motion on the merits, rather than hold him to the more onerous legal standard governing motions for reconsideration. *See United States v. Ramsey*, 539 F. Supp. 1062, 1064 (E.D. Tenn. 1982) (recognizing that a party's exhaustion of administrative remedies is a prerequisite to "judicial consideration on the merits").

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although 18 U.S.C § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden.

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

The Application Notes to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and compelling reasons exist in two scenarios: the medical condition (1) is a terminal illness or (2) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 n.1(A)(i)–(ii). Mr. Wood does not contend that his underlying

condition—in and of itself—is terminal. Rather, he argues that if he were to contract COVID-19, it "could be fatal" in combination with his borderline hypertension. [Def.'s Mot. at 1]. The Court therefore construes his request for compassionate release as falling within the second scenario.

In considering whether Mr. Wood's underlying condition, against the backdrop of the COVID-19 pandemic, "substantially diminishes [his] ability" to "provide self-care within" the prison's walls and leaves him without an expectation of recovery, USSG § 1B1.13 n.1(A)(ii), the Court turns to the Center of Disease Control's guidelines, *see, e.g.*, *Cameron v. Bouchard*, ___ F. Supp. 3d ___, 2020 WL 2569868, at *4–5 (E.D. Mich. May 21, 2020); *Awshana v. Adduccl*, ___ F. Supp. 3d ___, 2020 WL 1808906, at *4 (E.D. Mich. Apr. 9, 2020); *see also Valentine v. Collier*, 140 S. Ct. 1598, 1600 n.2 (2020) (citing the CDC's guidelines in a case involving COVID-19); *cf. Sch. Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 287 (1987) (stating that "courts normally should defer to the reasonable medical judgments of public health officials" (footnote and quotation omitted)). According to the CDC, persons with the following characteristics and underlying conditions are more likely than others to suffer severe illness or death from COVID-19:

- Over 65 years of age;
- Chronic lung disease or moderate to severe asthma;
- Serious heart conditions;
- Immunocompromised bodies, which could be due to cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications;
- Severe obesity (body mass index of 40 or higher);
- Diabetes;
- Chronic kidney disease undergoing dialysis; or,
- Liver disease

*Coronavirus Disease 2019 (COVID-19): People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020).

Mr. Wood's underlying condition—hypertension—matches none of those that the CDC identifies as likely to put an individual at a heightened risk of severe illness from COVID-19. *See Frequently Asked Questions, COVID-19 and Hypertension*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/faq.html#COVID-19-and-Hypertension ("At this time, we do not think that people with high blood pressure and no other underlying health conditions are more likely than others to get severely ill from COVID-19." (last updated June 2, 2020))). While the Court sympathizes with Mr. Wood's concerns, it is unwilling to order the release of prisoners whose underlying conditions, based on the CDC's guidelines, do not place them at a greater risk of severe illness from COVID-19; otherwise, the Court, to be evenhanded, would face the untenable situation of having to release all prisoners with any underlying condition. *See United States v. Wright*, No. CR-16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." (footnote omitted))*; see also United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (observing that "[c]ompassionate release due to a medical condition is an extraordinary and rare event" (quotation omitted)).

In sum, the Court, in reliance on the CDC's guidelines, is unable to view the threat of COVID-19 as one from which Mr. Wood "is not expected to recover." USSG § 1B1.13 n.1(A). His Motion for Reconsideration of Petitioner's Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 49] is therefore **DENIED**.

4

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE